## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTONIO GARNELL CROSKEY,** | ) | **CASE NO. 1:22-cv-01989** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JUDGE BRENT ROBINSON,** *et al.*, | ) | **ORDER** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Antonio Garnell Croskey filed this civil rights action against Judge Brent Robinson and the State of Ohio under 42 U.S.C. § 1983 (R. 1). For the following reasons, this action is dismissed.

### I. Background

Plaintiff's Complaint contains few facts, disjointed sentence fragments, and myriad legal citations. (R. 1). As best the Court can discern, Plaintiff's Complaint concerns his arrest, detainment, and indictment in Richland County. Plaintiff alleges in a conclusory fashion that he was "being racially profiled"; Judge Robinson was the prosecutor on a prior case and "had gained a hate for" Plaintiff; Plaintiff was "subjected to unfair [proceedings]" and judicial misconduct; and the record reflects a "hate crime of multiple arrest[s] and repeated harassment." (*See id.*, PageID# 6, 8). Plaintiff lists the following purported legal claims: denial of access to the courts; denial of due process; discrimination and racial profiling; obstructing justice; conspiracy; complicity; wrongful restraint; judicial misconduct; prosecutorial misconduct; cruel and unusual

punishment concerning his conditions of confinement; and deliberate indifference to his safety. (*Id.*, PageID# 4–5).

Plaintiff subsequently filed a document entitled "Motion for Emergency Reasons to Expedite and Appoint Counsel for Good Causes Shown and Existing Imminent Danger Serious Physical Harm" and an affidavit in support of his Motion. (R. 3; R. 4). The Motion alleges that his affidavit demonstrates discrimination and "attempts to execute the plaintiff by white supremacists and police force." (R. 3, PageID# 29).

Plaintiff also filed a Motion to Proceed *in forma pauperis* (R. 2).

## II. Standard of Review

By separate order, the Court grants Plaintiff's Motion to Proceed *in forma pauperis* (R. 2). Accordingly, because Plaintiff is proceeding *in forma pauperis*, his Complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted). But a court is "not bound

to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Additionally, the allegations must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted).

### III. Analysis

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). This generous construction, however, has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or unpleaded facts on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Here, when considered under the above standard, Plaintiff's Complaint fails to meet the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to include coherent factual allegations. Rather, Plaintiff's Complaint is composed entirely of unclear rhetoric, sentence fragments, and unconnected legal phrases, interspersed with vague and conclusory allegations insufficient to provide the defendants with fair notice of Plaintiff's claims. The Court and the defendants are left to guess at basic elements of Plaintiff's claims. Although Plaintiff alleges some specific facts in his "Emergency Motion" for expedited review and appointment of counsel and "emergency affidavit" (R. 3; R. 4), none of these facts allege misconduct by the

3

defendants named in this case. Accordingly, Plaintiff's Complaint fails to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8 and is therefore dismissed.

Moreover, even if the Court could discern a proper claim (which it does not), Plaintiff cannot maintain a civil rights action against the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Att'y Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). A State may not be sued in federal court unless it has consented to such a suit or its Eleventh Amendment immunity has been properly abrogated by Congress. Neither of these situations applies here.

Furthermore, Plaintiff's Complaint against Judge Robinson is barred by the doctrine of judicial immunity. Judicial officers are absolutely immune from civil suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9, 12 (1991) (per curiam); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions."). The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Brookings*, 389 F.3d at 617 (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). And the Supreme Court has stated this immunity applies even if the action at issue "was in error, was done maliciously, or was in excess of [the judge's] authority…." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, as best the Court can discern, it appears that the Complaint concerns Plaintiff's criminal proceedings in Richland County Court of Common Pleas in which Judge Robinson was the assigned judge. There is no suggestion in the Complaint that Judge Robinson's actions in

Plaintiff's criminal case were taken in the complete absence of any jurisdiction. Judge Robinson is therefore entitled to absolute judicial immunity.

### IV. Conclusion

For the foregoing reasons, the Court dismisses this action in its entirety under 28 U.S.C. § 1915(e)(2). Plaintiff's Emergency Motion to Expedite and Appoint Counsel (R. 3) is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: July 11, 2023

5